## SUPREME COURT.

### HANER agt. BLISS AND BLISS.

In an action referable only by consent, a stipulation was signed by the attorneys of both parties referring the cause to Mr. M., and an order was made, on defendants' motion, and on filing the stipulation referring it to Mr. I., *Held*, that the plaintiff had a right to disregard the order entirely and proceed to trial or inquest, as if no consent to any reference had been given.

*Steuben Special Term*, 1852. *Motion to set aside inquest by default, on the ground that cause had been previously referred.* The cause was not referable except by consent in writing. The attorneys for the respective parties stipulated in writing to refer it to John W. Maynard, and the stipulation was delivered to the defendants' attorney to present to the court at the circuit, and obtain the order. The defendants' attorney presented the stip-

Haner agt. Bliss.

ulation, and by mistake named Mr. Irvine, the law partner of Maynard, and the reference was ordered to him, and the rule so entered in the absence of the plaintiff's attorney. The defendants' attorney subsequently served a copy of the order of reference on the attorney for the plaintiff, who refused to consent to the reference as ordered, and at the subsequent circuit, upon due notice, put his cause upon the calendar and took an inquest by default.

GEO. T. SPENCER, *for Motion*

J. HERRON, *Opposed.*

JOHNSON, Justice.—The cause was regularly in court for the purposes of a trial upon the issue made between the parties, and the plaintiff had the right to have it tried there by a jury. It could not be taken out of court and tried elsewhere without his consent.

The Code (§ 270) provides that " all or any of the issues in the action, whether of fact or of law, or both, may be referred upon the written consent of the parties. In all cases of reference the parties may agree upon a suitable person or persons, not exceeding three, and the reference shall be ordered accordingly" (§ 273). Did this order, thus entered, take the cause out of court for the purpose of a trial? I think not. The plaintiff's consent was upon the sole condition that the cause should be referred to a particular person. But his consent was not acted upon. The defendants undertook to move the court upon it, but through inadvertence failed to do so, and the order was entered referring the cause to another person, without the authority or consent of the plaintiff. I am clearly of opinion that the plaintiff's standing in court was not in the least affected by this order. The statute was not followed and the order was a nullity. It was as much unauthorized as though no consent whatever had been given. The defendants' counsel contends that the order of reference to Irvine instead of Maynard was merely irregular, and operated as a valid reference to the latter until set aside. But this, I think, is a mistake. Suppose in a case like this, there was no pretence of any consent and no application for a reference. Could the judge of his own motion make an order of re-

ference which would be of any force or validity? Clearly not. It is the statute alone which gives the court the power to change the mode of trial; and that power is given upon consent only, manifested by a writing. The consent in this case conferred no power or authority unless it was followed, and clearly it was not. The court had no jurisdiction to make the order which was made, and it was void (Garcia vs. Shelden, 3 *Barb. S. C. R.* 232).

It is not the irregular exercise of power, of which the court are clearly possessed, but the entire absence of all power to make the order in question, which constitutes the difficulty. And this is the essential line of distinction between void and voidable acts. The action was, therefore, still in court to be tried, and the inquest regular. Motion denied.